**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER PADAVICK,** *individually and on behalf of all others similarly situated, et al.*, | ) | |
| **Plaintiff,** | ) | **Case No. 1:26-cv-00360-HAB-ALT** |
| **v.** | ) | **Consolidated Case Nos.:** **1:26-cv-00361-HAB-ALT** **1:26-cv-00362-ALT** **1:26-cv-00364-ALT** |
| **DOXA INSURANCE HOLDINGS LLC,** | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

On August 3, 2026, Plaintiffs filed a class action complaint against Defendant Doxa Insurance Holdings LLC ("Doxa") as a result of a cybersecurity incident that allegedly compromised the personally identifiable information of thousands of Doxa's current and former employees, alleging that Doxa failed to maintain adequate data security measures to safeguard private employee information in its possession. (ECF 1). Thereafter, several other class action complaints were filed in this Court against Doxa stemming from the same cybersecurity incident. (*See Klun v. Doxa*, No. 1:26-cv-00361-HAB-ALT; *Zellmer v. Doxa*, No. 1:26-cv-00362-ALT; *Kunze v. Doxa*, No. 1:26-cv-00364-ALT).

Now before the Court is Plaintiffs' Motion to Consolidate the Related Actions and Appoint Interim Co-Lead Class Counsel (ECF 6) filed on August 10, 2026, seeking to: (1) consolidate Case Nos. 1:26-cv-00361, 1:26-cv-00362, and 1:26-cv-00364 into this first-filed action, No. 1:26-cv-00360; and (2) appoint Gary M. Klinger of Milberg PLLC, Cassandra P. Miller of Strauss Borrelli PLLC, Tyler J. Bean of Siri & Glimstad, and William B. Federman of Federman & Sherwood—as interim co-lead class counsel pursuant to Federal Rule of Civil

Procedure 23(g)(3). The motion to consolidate represents that all the plaintiffs in the four cases "unanimously support" consolidation. (*Id.* at 1). Defendant has not filed a response to the motion, and its time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3). Therefore, the motion is unopposed. (*See also* ECF 11 ⁋ 6).

### *A. Consolidation*

"The primary purpose of consolidation is to promote convenience and judicial economy." *Millman v. United Techs. Corp.*, No. 1:16-cv-312-PPS-SLC, 2017 WL 1165081, at *3 (N.D. Ind. Mar. 28, 2017) (citation omitted). "When there are two cases that grow out of the same set of facts, have the same lawyers and same parties, and are in the same court, it seems pretty obvious that concerns for judicial economy would strongly favor consolidation of the two cases." *Id.* (citation omitted); *see also Garner v. Country Club Hills*, No. 11 C 5164, 2012 WL 1900020, at *3 (N.D. Ill. May 23, 2012) (recognizing "that there is a strong commonality between the cases, and that it is in the interest of judicial efficiency to coordinate and consolidate the cases . . . pursuant to Rule 42(a)" (citations omitted)). "It is within the court's discretionary powers to order consolidation … if a joint trial would avoid unnecessary costs and delay." *Smith v. Ne. Ill. Univ.*, No. 98 C 3555, 2002 WL 377725, at *6 (N.D. Ill. Feb. 28, 2002) (citation omitted); *see Highland Supply Corp. & Subsidiaries v. United States*, No. 18-cv-1417-NJR-RJD, No. 18-cv-1418-NJR-RJD, 2019 WL 5391449, at *6 (S.D. Ill. Oct. 22, 2019) ("Courts may invoke Rule 42(a) *sua sponte*, and if need be, over the objections of parties." (citations and internal quotation marks omitted)).

It appears that consolidation of these four cases is warranted under Federal Rule of Civil Procedure 42(a), as all cases "arise out of common questions of law and fact." *Smith*, 2002 WL

377725, at *6. The cases are assigned to the same magistrate judge and district judge,[1] and name the same defendant, who is represented by the same counsel in all cases. While the plaintiffs in these cases have two different attorneys, Attorney Klinger and Attorney Miller, the motion asks that both of them, together with Attorneys Bean and Federman, be appointed as interim co-lead class counsel. Given this strong commonality among the cases, "it seems pretty obvious that concerns for judicial economy would strongly favor consolidation of the [four] cases." *Millman*, 2017 WL 1165081, at *3 (citation omitted). Therefore, the Court will grant Plaintiffs' motion to the extent it seeks to consolidate Case Nos. 1:26-cv-00361, 1:26-cv-00362, and 1:26-cv-00364 into this earlier-filed action, No. 1:26-cv-00360.

### ***B. Appointment of Interim Co-Lead Class Counsel***

Plaintiffs also ask the Court to appoint Attorneys Klinger, Miller, Bean, and Federman (collectively, the "Proposed Interim Co-Lead Class Counsel") as interim co-lead class counsel pursuant to Rule 23(g)(3).

"Under Rule 23(g)(3), the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Moehrl v. Nat'l Assoc. of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020) (quotation marks and brackets omitted). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Id.* (citation omitted). In doing so, courts apply the same considerations set out in Rule 23(g)(1)(A), which direct courts to consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex

---

[1] Two of the four cases are directly assigned to the magistrate judge, so have no assigned district judge currently.

litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.* at *2.

Plaintiffs represent in their brief that the Proposed Interim Co-Lead Class Counsel have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of consumers; possess the necessary resources to prosecute the litigation; have the support of the plaintiffs in all four cases; are already working together collectively; and have previously and repeatedly worked together to prosecute data breach class actions across the country. (ECF 6-1 at 8-9). Plaintiffs report that Proposed Interim Co-Lead Class Counsel have already performed substantial work identifying, investigating, and litigating the claims involved in this litigation to date, and their biographies in the supporting brief show they have extensive experience leading or helping to lead complex data-breach and privacy class actions in the United States. (*See id.* at 9-21). Plaintiffs also note that Proposed Interim Co-Lead Class Counsel were the first to file complaints against Doxa in this Court and submit a coordinated leadership structure for the litigation. *See In re Mun. Derivatives Antitrust Litig*., 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing firms that filed the first complaints as interim lead counsel); *Steele v. United States*, No. 14-1523, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) (where two groups were amply qualified to handle the action, the court selected the group on the basis they filed their complaint first). Finally, no party has filed a response to the motion, so the motion is unopposed. *See* N.D. Ind. L.R. 7-1(d).

Having duly considered the record, Plaintiffs' Motion to Consolidate the Related Actions and Appoint Interim Co-Lead Class Counsel (ECF 6) is GRANTED. The Court ORDERS accordingly that:

(a) Case Nos. 1:26-cv-00361, 1:26-cv-00362, and 1:26-cv-00364 be consolidated into this earlier-filed case, No. 1:26-cv-00360. The Clerk is DIRECTED to file a copy of this Order in Case Nos. 1:26-cv-00361, 1:26-cv-00362, and 1:26-cv-00364 to serve as notice of the consolidation. All entries going forward are to be made in this first-filed Case No. 1:26-cv-00360;

(b) Plaintiffs are AFFORDED to and including October 7, 2026, to file a consolidated class action complaint in the consolidated case; and

(c) Gary M. Klinger of Milberg PLLC, Cassandra P. Miller of Strauss Borrelli PLLC, Tyler J. Bean of Siri & Glimstad, and William B. Federman of Federman & Sherwood are APPOINTED as Interim Co-Lead Class Counsel for the consolidated action. Counsel are ORDERED to file notices of appearance accordingly.

SO ORDERED

Entered this 23rd day of September 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge